UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 11-20212-CR-GRAHAM

UNITED STATES OF AMERICA,

       Plaintiff,

v.

ISABEL TORRES,                  **REPORT AND RECOMMENDATION**

       Defendant.
_____/

On or about September 8, 2011, court-appointed defense counsel David O. Markus ("Counsel") submitted a voucher application numbered FLS 11 2764 with appended time sheets requesting $13,590.00 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also submitted a brief letter dated October 5, 2011 in support of his voucher application.

Counsel represented Defendant Isabel Torres ("Defendant") for five (5) months from his appointment on March 28, 2011 until August 26, 2011 and seeks compensation for this time in the voucher application. After initially reviewing the voucher application, I requested a more detailed explanation regarding some of the entries listed in the time sheets which accompanied Counsel's voucher. To that end, I met with Counsel on October 27, 2011 to discuss the voucher.

Counsel seeks $13,590.00 in his application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Donald L. Graham entered an Order of Reference **[DE # 97]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate.

See 28 U.S.C. § 636(a); see also United States District Court for the Southern District of Florida Magistrate Judge Rules.

### Criminal Justice Act and Guidelines for Administering the Criminal Justice Act

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Burger, 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); U.S. v. Griggs, 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. See Section §230.23.40(b) of the

Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### This Case Was Complex

Under the Guidelines, in order to approve a request for compensation in excess of the statutory maximum, I must first find that the representation was either complex or extended. This case was complex for several reasons.

First, the very nature and number of charges involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced when the grand jury returned an Indictment **[DE # 3]** naming three (3) defendants on March 26, 2011.

The Indictment **[DE # 3]** contained seventeen (17) counts. Defendant was named in Counts I, II, III, IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV and XV. In Count I, Defendant was charged with conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349. In Counts II - VIII, Defendant was charged with health care fraud in violation of 18 U.S.C. § 1347. In Counts XIX - XV, Defendant was charged with aggravated identity theft in violation of 18 U.S.C. § 1028A.

Defendant faced a separate maximum term of ten (10) years imprisonment for each of the following Counts: I, II, III, IV, V, VI, VII and VIII. Defendant faced an additional term of two (2) consecutive years imprisonment for each of the following Counts: XIX, X, XI, XII, XIII, XIV and XV.

Second, given the serious nature of the charges against Defendant, Counsel incurred a significant amount of time performing legal research and drafting "substantial pretrial motions." (October 5, 2011 letter). Counsel engaged in extensive motion practice, which included filing the following motions: Motion to Dismiss Counts 9 - 15 of the Indictment **[DE # 37]**, Motion to Dismiss Indictment For Violation of Double Jeopardy Clause **[DE # 43]** and Motion to Dismiss Indictment or in the Alternative to Exclude Witnesses From Trial and Request For Evidentiary Hearing **[DE # 44]**. Counsel also vigorously opposed the government's request to transfer this case to another district judge. **[See DE # 58]**.

Counsel later entered a plea of guilty. Following entry of her guilty plea, Counsel continued to file substantial pleadings in this case. Counsel filed a lengthy document titled Objections to the Presentence Investigation Report and Sentencing Memorandum **[DE # 91]**. Based upon my review of the docket, it is clear that the representation Counsel provided, including the filing of these significant pleadings, consumed more of Counsel's time and effort than is normally required in the average case.

Third, this case was rendered more complex because the two (2) co-defendants in this case are Defendant's daughters. Counsel explained that he participated in "lengthy negotiation with the prosecution because [Defendant's] two daughters were charged." (October 5, 2011 letter). At the October 27, 2011 meeting, Counsel further explained that the fact that the defendants were all related required protracted plea negotiations as Defendant attempted to negotiate a plea that resulted in her serving a lengthier period of incarceration rather than her daughters. This dynamic undoubtedly caused Counsel to incur more time than in the average case.

Fourth, this "case involved voluminous discovery and required lengthy review of documents." (October 5, 2011 letter). The sheer volume of documents involved in the seventeen (17) count Indictment which Counsel had to review in order to effectively represent Defendant rendered this case more complex than the average case.

It is clear from the record that the legal and factual issues in this case were unusual. Consequently, I conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in the average case. As I have concluded that the representation provided by Counsel was complex, I must now review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 4.8 in-court hours totaling $600.00.

The CJA administrator also reviewed the 103.4 out-of-court hours sought by Counsel. Counsel sought compensation for 36.2 hours for "Interviews and conferences" and 30.7 hours for "Obtaining and reviewing records." Counsel also sought compensation for 19.3 hours for "Legal research and brief writing" and 17.2 hours for "Investigative and Other work." The CJA administrator slightly reduced the number of hours Counsel sought for "Obtaining and reviewing records" to 29.9 (from 30.7). She also reduced the number of hours spent on "Investigative and Other work" to 16.2 hours.

Counsel sought nothing in "Travel Expenses" but sought $65.00 in "Other Expenses." The CJA administrator made no change to this amount.

### In-Court Hours[1]

Counsel sought compensation for 4.8 in-court hours totaling $600.00. The CJA administrator made no changes to either the total number of in-court hours or the total amount sought for this time. I approve $600.00 as reasonable.

### Out-of-Court Hours

In the voucher, Counsel sought compensation for 103.4 out-of-court hours. The CJA administrator reviewed the voucher and slightly adjusted this number to 101.6 hours (reducing the number of hours for "Obtaining and reviewing records" from 30.7 to 29.9 and reducing the number of hours for "Investigative and other work" from 17.2 to 16.2 hours). I approve these small changes made by the CJA administrator.

Although the vast majority of Counsel's time entries are appropriate, Counsel included a few entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. It was necessary for me to meet with Counsel for an explanation of the troublesome entries.

At our meeting on October 27, 2011, Counsel sufficiently explained each and every of the vague entries, providing the undersigned with sufficient information to determine that each entry was indeed compensable under the CJA. Consequently, I conclude that the out-of-court hours listed in the voucher, as reduced by the CJA administrator, are appropriate. Accordingly, I recommend that Counsel should be paid $12,700.00 for his out-of-court hours.

---

[1] The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

## Expenses

Counsel sought only $65.00 in "Other Expenses. I hereby approve this amount of expenses.

## CONCLUSION

I commend Counsel for his professionalism and willingness to take this appointment; the undersigned is appreciative of his efforts. As I explained above, because the representation in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00. Based upon my review of the voucher application, the time sheets, the docket and filings in this case, I RECOMMEND that Counsel be paid $13,365.00 as fair and final compensation for his work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Donald L. Graham, United States District Judge.

Signed this 4th day of November, 2011.

*[signature]*

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

David O. Markus, Esq.
Lucy Lara, CJA administrator